Andrew S. Langsam
Mark A. Tamoshunas
PRYOR CASHMAN LLP
410 Park Avenue
New York, NY 10022

Attorneys for Plaintiff Dr. Milton Hodosh

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                :
DR. MILTON HODOSH                                               :
                                                                :
                            Plaintiff,                          :  Index No. 07 Civ. 7809 (VM) (DFE)
        -against-                                               :
                                                                :
MILESTONE SCIENTIFIC INC.                                       :
                                                                :
                            Defendant.                          :
                                                                :
----------------------------------------------------------------X

## REPLY TO COUNTERCLAIMS

Plaintiff Dr. Milton Hodosh, ("Plaintiff" or "Dr. Hodosh"), by and through his attorneys Pryor Cashman LLP, as and for his reply to the counterclaims asserted by defendant Milestone Scientific Inc. ("Defendant" or "Milestone"), alleges as follows:

1. Admits the allegations set forth in paragraph 1 of the Counterclaims, except to the extent a legal conclusion is asserted and no response is required.

2. Admits the allegations set forth in paragraph 2 of the Counterclaims, except to the extent a legal conclusion is asserted and no response is required and respectfully refers the Court to the '161 Patent for the terms thereof.

3. Denies the allegations set forth in paragraph 3 of the Counterclaims except to the extent it is apparent Milestone seeks a declaration that the '161 Patent is invalid and Milestone's products do not infringe the '161 Patent.

588272v2

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Counterclaims, except to admit that Milestone manufactures, markets and sells dental equipment and related disposable and consumable items and other products for use by, *inter alia*, dentists, physicians and hospitals.

5. Admits the allegations in paragraph 5 of the Counterclaims.

6. States that paragraph 6 of the Counterclaims states a legal conclusion to which no response is required but admits that Hodosh is subject to this Court's personal jurisdiction in connection with the asserted Counterclaims.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denies the allegations set forth in paragraph 10 of the Counterclaims, and respectfully refers the Court to the '161 Patent for the objects, performance, characteristics, language and terms thereof.

11. Admitted.

12. Admitted, except to the extent the word "includes" is interpreted as a limitation.

13. Denies the allegations set forth in paragraph 13 of the Counterclaims.

14. Admits the allegations of paragraph 14 of the Counterclaims.

15. Denies the allegations set forth in paragraph 15 of the Counterclaims, and specifically denies the allegations relating to the '161 Patent and respectfully refers the Court to the '161 Patent for the terms of the claims thereof.

16. Denies the allegations set forth in paragraph 16 of the Counterclaims, and respectfully refers the Court to the '161 Patent for the terms of the claims thereof.

17. Denies the allegations set forth in paragraph 17 of the Counterclaims, except to admit that Hodosh has asserted that the STA System and the CompuDent System infringe the '161 Patent. Plaintiff further respectfully refers the Court to the '161 Patent for the terms thereof. Hodosh admits that Exhibit B was annexed to the Answer and Counterclaims as Exhibit B.

18. Admits the allegations set forth in paragraph 18 of the Counterclaims.

19. Admits the allegations set forth in paragraph 19 of the Counterclaims.

20. Admits the allegations set forth in paragraph 20 of the Counterclaims.

21. Denies the allegations set forth in paragraph 21 of the Counterclaims.

22. Denies the allegations set forth in paragraph 22 of the Counterclaims.

23. Denies the allegations set forth in paragraph 23 of the Counterclaims.

24. Denies the allegations set forth in paragraph 24 of the Counterclaims.

25. Denies the allegations set forth in paragraph 25 of the Counterclaims.

26. Denies the allegations set forth in paragraph 26 of the Counterclaims.

27. In response to paragraph 27 of the Counterclaims, repeats and realleges his responses to paragraphs 1 through 26 of the Counterclaims as if fully set forth and repeated herein.

28. Denies the allegations set forth in paragraph 28 of the Counterclaims.

29. Denies the allegations set forth in paragraph 29 of the Counterclaims.

30. Denies the allegations set forth in paragraph 30 of the Counterclaims.

31. Admits the allegations set forth in paragraph 31 of the Counterclaims, except denies that Dr. Hodosh is interfering or threatening to interfere with Milestone's business by asserting his patent rights.

32. Admits the allegations set forth in paragraph 32 of the Counterclaims.

33. Denies the allegations set forth in paragraph 33 of the Counterclaims.

34. Denies the allegations set forth in paragraph 34 of the Counterclaims.

35. In response to paragraph 35 of the Counterclaims, repeats and realleges his responses to paragraphs 1 through 34 of the Counterclaims as if fully set forth and repeated herein.

36. Denies the allegations set forth in paragraph 36 of the Counterclaims.

37. Denies the allegations set forth in paragraph 37 of the Counterclaims.

38. Denies the allegations set forth in paragraph 38 of the Counterclaims.

39. Admits the allegations set forth in paragraph 39 of the Counterclaims, except denies that Dr. Hodosh is interfering or threatening to interfere with Milestone's business by asserting his patent rights.

40. Admits the allegations set forth in paragraph 40 of the Counterclaims.

41. Denies the allegations set forth in paragraph 41 of the Counterclaims.

42. Denies the allegations set forth in paragraph 42 of the Counterclaims.

43. In response to paragraph 43 of the Counterclaims, repeats and realleges his responses to paragraphs 1 through 42 of the Counterclaims as if fully set forth and repeated herein.

44. Denies the allegations set forth in paragraph 44 of the Counterclaims.

45. Denies the allegations set forth in paragraph 45 of the Counterclaims.

<u>FIRST AFFIRMATIVE DEFENSE</u>

46. The Counterclaims, and each and every part thereof, fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

47. The Counterclaims are barred, in whole or in part, by 35 U.S.C. § 1 et seq., specifically, §§ 271; 281; 282; 283; 284 and 285.

## THIRD AFFIRMATIVE DEFENSE

48. The Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

WHEREFORE, Plaintiff prays for judgment dismissing the Counterclaims in their entirety, awarding Plaintiff his reasonable attorneys' fees pursuant to 35 U.S.C. § 285, together with such other and further relief the Court deems appropriate.

Dated: November 26, 2007
New York, New York

PRYOR CASHMAN LLP

By: _____
Andrew S. Langsam
Mark A. Tamoshunas

410 Park Avenue
New York, NY 10022
(212) 421-4100
Attorneys for Plaintiff Dr. Milton Hodosh

5