USDC ...
DATE SCANNED 4/10/08

EATON, MS.

Andrew S. Langsam
Mark A. Tamoshunas
PRYOR CASHMAN LLP
410 Park Avenue
New York, NY 10022

Attorneys for Plaintiff Dr. Milton Hodosh

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08

UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DR. MILTON HODOSH

                Plaintiff,

-against-

MILESTONE SCIENTIFIC INC.

                Defendant.
-----------------------------------------------------------x

Index No. 07 Civ. 7809 (VM)(DFE)

This is an ECF case

STIPULATION AND ORDER

### I. STIPULATION

WHEREAS, in the course of this litigation disclosure may be sought of information which a party regards as being of a confidential, trade secret, and/or proprietary nature; and

WHEREAS, the parties hereto desire to establish a mechanism to protect the disclosure of such confidential, trade secret, or proprietary information, and other confidential, technical, marketing or commercial information in this action;

IT IS HEREBY STIPULATED, pursuant to Rule 26 of the Federal Rules of Civil Procedure, by and between the parties hereto, by their respective undersigned counsel of record herein, that the following protective order shall govern the disclosure of confidential, trade secret, proprietary information, and other confidential technical, marketing or commercial information provided by the parties hereto in connection with all discovery in this action.



1

## II. DEFINITIONS

The following definitions apply herein:

    a. The designation "CONFIDENTIAL" may be applied by a party to any type of information which that party believes in good faith to constitute proprietary or confidential information.

    b. The designation "CONFIDENTIAL - ATTORNEYS ONLY" may be applied by a party to any type of information which it believes in good faith to constitute confidential or trade secret information, the disclosure of which to a party would give that party an unfair competitive advantage.

    c. "Confidential Information" refers to all information which is subject to the designations "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" as described above.

    d. "Counsel of record" means the law firms, including all attorneys, paraprofessionals, clerks, and secretaries associated with or employed by such attorneys and law firms, whose review of such information is necessary to the attorneys prosecuting or defending this action.

    e. "Party" means every party to this action and every director, officer, employee and managing agent of every party to this action, and any director, officer, employee and managing agent of any affiliate or subsidiary of every party.

    f. "Order" means this Stipulated Protective Order.

## III. TERMS OF THE PROTECTIVE ORDER

    1. *Materials Subject to Designation.* All originals or copies of documents, materials, tangible things and information obtained by inspection of files or facilities or by production of documents by or from any party hereto or affiliates or subsidiaries hereof, (hereinafter collectively referred to as "Information") may be designated by the party or a nonparty producing the Information in conformity with the definitions set forth herein. This Order shall apply to all designated Information, including but not limited to, materials, objects,



devices, technology, copies, portions, abstracts, digests, or summaries thereof produced in response to requests for admissions and interrogatories, documents subpoenaed from non-parties in connection with depositions or otherwise, deposition testimony and transcripts, and any other information, documents, objects or things which are produced or received by any party whether during discovery or informally outside of discovery.

2. Treatment of "Confidential - Attorneys Only" Information. Information designated as "CONFIDENTIAL - ATTORNEYS ONLY," and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed in any way to any person or entity other than counsel of record for a party, except as provided in Paragraphs 4 and 5 below. Before disclosure pursuant to Paragraphs 4 or 5, the person to whom such information is to be disclosed shall execute and deliver to the attorney of record making the disclosure a written agreement in the form attached hereto as Exhibit A. Information disclosed pursuant to Paragraph 4 or 5 shall not be disclosed by the receiving parties except as provided in those paragraphs, shall be used only for the purposes of this litigation, and shall not be used for any business, financial, or other purpose whatsoever.

3. Treatment of "Confidential" Information. Information designated as "CONFIDENTIAL," and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed in any way to any person or entity other than counsel of record for a party and the parties to this action and their current employees, except as provided in Paragraphs 4 and 5 below. Before disclosure to any such individual, party, or employee of a party, the person to whom such information is to be disclosed shall execute and deliver to the attorney of record making the disclosure a written agreement in the form attached hereto as Exhibit A. Such information shall be used only for the purposes of this litigation, and shall not be used for any business, financial, or other purpose whatsoever.

4. Outside Experts and Consultants. Documents designated as "CONFIDENTIAL - ATTORNEYS ONLY," or "CONFIDENTIAL," may also be shown to outside experts or consultants, together with their clerical personnel, who are retained by a party in connection with preparation for trial or trial in this action. Before disclosure to any such expert or consultant, the person to whom such information is to be disclosed shall execute a written agreement in the form attached hereto as Exhibit A. The delivery of such agreement executed by any such expert or consultant shall be made in accordance with paragraph 6 hereto.

5. Request for Additional Disclosure. If any counsel of record desires to give,

show, make available, or communicate to any person apart from those permitted under Paragraphs 2, 3, and 4 any information designated as "CONFIDENTIAL - ATTORNEYS ONLY" or "CONFIDENTIAL", said counsel of record shall first obtain the written consent of the designating party through such party's counsel of record. Each person to whom the Confidential Information is to be given, shown, made available, or communicated under this paragraph shall execute and deliver to the attorney of record making the disclosure a written agreement in the form attached hereto as Exhibit A agreeing not to use or to disclose to anyone any of the contents of the Confidential Information received and to be bound by the terms of this Order. Only after all of the foregoing conditions have been fully satisfied may the Confidential Information be given, shown, made available or communicated to any person other than those permitted under Paragraphs 2, 3, and 4.

6. <u>Record of Disclosure.</u> A file shall be maintained by the counsel of record making a disclosure to third parties of all written agreements signed by persons to whom materials designated as "CONFIDENTIAL - ATTORNEYS ONLY" or "CONFIDENTIAL" have been given. Unless otherwise directed herein, a copy of each such agreement shall be sent to the designating party within five days of disclosure, and said file shall be made available for inspection and copying by opposing counsel upon written request. Notwithstanding the foregoing, a party need not produce an agreement executed by an expert or consultant unless and until that expert or consultant is identified as a testifying witness or produces a report in this action.

7. <u>Maintenance of Designated Information.</u> Counsel receiving Confidential Information under this Order shall maintain such Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of all Confidential Information, so as to prevent the unauthorized or inadvertent disclosure of any Confidential Information.

8. <u>Manner of Designating Documents.</u> A party shall designate documents containing Confidential Information by placing a legend on each page of any document that the party wishes to protect against disclosure or use, or in the case of computer disks or tape, on the cover or container of the disk or tape. This legend shall state "CONFIDENTIAL - ATTORNEYS ONLY," or "CONFIDENTIAL," as appropriate. A designation of Confidential Information as to any thing of which inspection or sampling has been requested shall be made by placing a "CONFIDENTIAL - ATTORNEYS ONLY" or "CONFIDENTIAL" legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the parties. All documents and things shall be marked prior to the provision of a physical

4

copy thereof to the other party.

Alternatively, documents may be made available for an initial inspection by counsel for the requesting (receiving) party prior to the furnishing party producing designated copies of selected items. In such cases, only counsel for the receiving party shall be permitted access to the documents and things pursuant to the terms of this Order, prior to furnishing designated copies to the receiving party. Such initial inspection shall not constitute waiver of confidentiality with respect to any document so inspected, provided that the producing party designate such documents produced under this paragraph within fifteen (15) days upon the request of designation of the receiving party.

9. **Initial Failure to Designate Information.** The initial failure to designate information "CONFIDENTIAL — ATTORNEYS ONLY" or "CONFIDENTIAL" in accordance with this Order shall not preclude any party, at a later date, from so designating and to require such documents to be treated in accord with such designation from that time forward. If Confidential Information has previously been disclosed to persons no longer qualified after such designation, the disclosing party shall take reasonable efforts to obtain all such previously disclosed Confidential Information, advise such persons of the claim of confidentiality, and have such persons execute written confidentiality agreements in the form attached hereto as Exhibit A. The inadvertent initial failure to designate information shall not constitute waiver of confidentiality with respect to any documents or things so inspected.

10. **Manner of Designating Depositions.** Should counsel of record for any party introduce or use any Confidential Information in a deposition, or believe that any question to a witness at a deposition upon oral examination will disclose Confidential Information, or that answers to any question will require such disclosure, or if documents designated as containing Confidential Information will be used as exhibits during examination, counsel introducing or using such Confidential Information shall have a duty to see that any Confidential Information and any related testimony shall be marked as subject to this Order, and subject to disclosure only under the terms and provisions set forth in this Order. This shall be accomplished by instructing the reporter during the deposition, or in the event that either party inadvertently fails to designate a portion as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY," by written notice to the reporter and all counsel of record within thirty days after receipt of the transcript by the deponent or his counsel, in which case all counsel receiving the transcript shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. Unless otherwise ordered by this Court, the designating party shall have the right to have all persons, except the deponent and his counsel,



counsel of record for the named parties, the court reporter, and such other persons as are permitted under the terms of this Order to have access to the Confidential Information, excluded from a deposition during the taking therein of testimony designated pursuant to this Order.

11.  **Court Reporters.** Any court reporter who reports the testimony in this action at a deposition shall be and agrees to be bound by the terms of this Order by executing a written confidentiality agreement in the form attached hereto as Exhibit A. All Confidential Information received by such a court reporter is, and shall remain, confidential and shall not be disclosed except to the counsel of record and any other person who is present while such testimony is being given.

12.  **Filing Documents With The Court.** All information designated as Confidential Information which is filed with the Clerk of the Court shall be filed or lodged in sealed packaging or as otherwise directed by the Court. This provision shall not prevent an appropriately marked paper specifically intended for review by the Court from being delivered to the Court to assure that the same is brought promptly to the Court's attention or for in camera review by the Court.

13.  **No Effect On Party's Own Use.** Nothing contained in this Order shall affect the right of a party to disclose to its officers, directors, employees, partners, or consultants or to use as it desires any information designated and produced by it as "CONFIDENTIAL - ATTORNEYS ONLY" or "CONFIDENTIAL."

14.  **No Effect On Disclosure to Author or Addressees.** Nothing contained in this Order shall affect the right of a party to disclose any information designated as "CONFIDENTIAL - ATTORNEYS ONLY" or "CONFIDENTIAL" to the author or addressees of the document.

15.  **Legal Effect of Designations.** The designation by a party of any document, thing, material or information as "CONFIDENTIAL - ATTORNEYS ONLY" or "CONFIDENTIAL" is intended solely to facilitate the exchange of discovery in this action, and neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains any trade secret or confidential information. Failure to so designate any document or thing shall not constitute a waiver of any claim by a party that such documents or things do contain trade secrets, proprietary information, and/or confidential information.



16.  **Final Disposition of Action.** Upon the final disposition of this action, each counsel of record shall: (a) promptly return to counsel of record for the designating party all information designated "CONFIDENTIAL - ATTORNEYS ONLY" or "CONFIDENTIAL" and all copies made thereof; or (b) promptly destroy or see to the destruction of all Confidential Information and documents related thereto. As an exception to the above, counsel of record may retain a single file copy of any document filed with the court, a copy of any written discovery response, and a transcript of any deposition testimony, together with all exhibits thereto. The copy of these retained documents shall be treated as "CONFIDENTIAL - ATTORNEYS ONLY" and counsel of record shall immediately notify opposing counsel of record of any attempt by third parties to inspect and/or copy said documents.

17.  **Motion For Relief From Designation.** If, subsequent to a party's receipt of information designated "CONFIDENTIAL - ATTORNEYS ONLY" or "CONFIDENTIAL" it shall appear to such party that any such information is not of a nature warranting the protection afforded hereunder, such party shall first notify counsel for the designating party in writing, providing its reasons for challenging the designation. If the parties are unable to reach an agreement as to the designation within five (5) days after notice is received, the party may bring a noticed motion to be relieved of its obligations under this Order as to any such Confidential Information. The producing party bears the burden of proof that any designated material meets the requirements for such designation.

18.  **Documents Which Are A Matter of Public Knowledge.** The restrictions set forth in this Order shall not apply to information, documents, or things which, at or prior to disclosure thereof in this action, is or was a matter of public knowledge, or which, after disclosure thereof, becomes public knowledge other than by act or omission of the receiving party or its agents, experts, and attorneys. No party hereto shall be bound by this Order as to any information, document, or thing which it possessed prior to this Order, unless that information, document or things was obtained under circumstances requiring its treatment as confidential.

19.  **Advice To Clients.** Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this action and, in the course thereof, from generally referring or relying upon his examination of documents or things produced. In rendering such advice or in otherwise communicating with his client, the attorney shall not disclose the specific content of any information, document, or thing identified as Confidential Information hereunder by the receiving party where such disclosure would not otherwise be permitted under the terms of this Order.

20. <u>Modification</u>. This Order shall be without prejudice to the right of any party to seek a modification hereof by motion.

21. <u>Survival of Terms</u>. Absent written modification hereof by the parties hereto or further Order of the Court, the provisions of this Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Order.

22. <u>Effect On Discovery</u>. This Order shall not preclude or limit the right of any party to oppose discovery on any ground which would otherwise be available.

23. <u>Stipulation Binding When Signed</u>. This Order shall be binding on the parties hereto when signed, regardless of whether or when the Court enters its Order hereon.

24. <u>Submitting to Jurisdiction of The Court</u>. Each person to whom disclosure of any designated information is made shall be subject to and hereby submits to the jurisdiction of the United States District Court for the Southern District of New York, which shall have jurisdiction over the person for the purpose of contempt proceedings in the event of any violation of this Order.

SO STIPULATED AND AGREED:

Dated: 4/7/08

PRYOR CASHMAN LLP

By: _____
Andrew S. Langsam
Mark A. Tamoshunas

410 Park Avenue
New York, New York 10022
(212) 421-4100

Attorneys for Plaintiff Dr. Milton Hodosh

Dated: 4/7/08

BROWN RUDNICK BERLACK ISRAELS LLP

By: _____
Martin S. Siegel
Tanya D. Bosi

Seven Times Square
New York, NY 10036
(212) 209-4800

Attorneys for Defendant Milestone Scientific, Inc.

SO ORDERED:

Dated: *April 10, 2008*

*[signature]*
United States Magistrate Judge
Honorable Douglas F. Eaton